**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

BANKS CHANNEL, LLC

    Plaintiff,

v.

MARK ANTHONY BRANDS, *et al.*

    Defendants.

**Civil No. 11-1204 (SEC)**

**OPINION and ORDER**

    Before the Court are the above-captioned defendants' ("Defendants") motion to dismiss or to stay proceedings pending arbitration (Docket # 3), and plaintiff Banks Channel, LLC's ("Plaintiff") motion in opposition (Docket # 6). After reviewing the filings and the applicable law, Defendants' motion is **GRANTED.**

**Procedural Background**

    Defendants are two companies, one organized under the laws of the state of Washington and the other, under the laws of Barbados. Docket # 3. They removed this case to this Court late in February and immediately sought to compel arbitration under the Federal Arbitration Act. Id. To support their position, Defendants argue that the agreement governing the business relationship with Plaintiff, a company organized under the laws of North Carolina, contains an arbitration clause that requires all disputes and claims to be settled by binding arbitration in Barbados. Id.

    Plaintiff, however, opposes arbitration. Docket # 6. Although it accepts the validity and enforceability of the contract with Defendants, Plaintiff argues that the arbitration clause at issue is inoperable in Puerto Rico. Id. In the alternative, Plaintiff moves the Court to mandate arbitration in Puerto Rico, arguing that Barbados is an unreasonable forum for it. Id. Bellow, the Court addresses each argument in turn.

**CIVIL NO. 11-1204 (SEC)**                                                          **page 2 of 5**

### Applicable Law and Analysis

When a valid arbitration clause is at play, the Federal Arbitration Act requires all judicial proceedings to be stayed pending the outcome of arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement*, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). Accordingly, when an agreement between the parties contains an arbitration clause and the claims being litigated fall within the scope of the clause, a stay pending arbitration of the claims is mandatory, not discretionary. Acevedo Maldonado v. PPG Industries, Inc., 514 F.2d 614, 616 (1st Cir. 1975); McCain Foods Ltd. v. Puerto Rico Supplies, Inc., 766 F.Supp. 58, 60 (DP.R. 1991) ("It is well-established that once there is a binding agreement to arbitrate, courts lack discretion and must enforce the agreed-upon arbitration proceeding.").

A party who attempts to compel arbitration must therefore show that (1) a valid agreement to arbitrate exists; (2) the movant is entitled to invoke the arbitration clause; (3) the other party is bound by that clause; and (4) the claim asserted comes within the scope of the clause. InterGen N.V. v. Grina, 344 F.3d 134, 142 (1st Cir. 2003). If there is a valid arbitration clause, and the controversy falls under its scope, courts will direct the parties to proceed to arbitration unless the party compelling arbitration has waived the right to do so, or there exists grounds to revoke the contractual agreement. Combined Energies v. CCI Inc., 514 F.3d 168, 171 (1st Cir. 2008). Moreover, in determining whether an arbitration clause is valid, courts must apply ordinary state-law principles governing the formation of contracts. Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62-63, and n. 9 (1995); Volt Information Sciences,

Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 475-476 (1989). But "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983).

As stated above, here Plaintiff challenges only the enforceability of the arbitration clause, arguing, in essence, that Puerto Rico law invalidates the sections of the contract that the arbitration clause is linked to. Docket # 6. This argument, however, misses the mark. The provisions dealing with arbitration are encompassed in section 10 of the contract. Docket # 3-1, § 10. This section begins with a general clause establishing that "[a]ll controversies, disputes and claims of whatsoever nature and description between the parties hereto shall be settled by binding arbitration upon demand by either party...." Id. at § 10.1. Thereafter, section 10 sets forth provisions that limit the scope of the general arbitration clause, but these provisions apply only if an arbitration demand arises for violations of specific sections of the contract. Id. at § 10.2.  In other words, the contract contains an arbitration clause of general application as well as an specific clause that apply under limited circumstances. Plaintiff's motion in opposition refers exclusively to the specific arbitration clause and fails to explain how its arguments extend to the general clause. Therefore, because Defendants' arbitration demand arises under the general arbitration clause, and because the language of this clause is unambiguous and its scope broad, the Court need not consider Plaintiff's argument.[1]

---

[1] Nevertheless, the Court notes that arguments similar to those Plaintiff raises in connection with the specific arbitration clause have been rejected in the past. See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614 (1985); World Films, Inc. v. Paramount Pict. Corp.,125 P.R.Dec. 352 (1990).

**CIVIL NO. 11-1204 (SEC)**                                                    **page 4 of 5**

Plaintiff also moves the Court to order arbitration to be held in Puerto Rico rather than Barbados, the forum stipulated in the contract. To do so, Plaintiff relies on the oft-quoted U.S. Supreme Court case M/S Bremen v. Zapata Offshore Co., 407 U.S. 1 (1972) and argues that Barbados is an unreasonable forum for arbitration. The Bremen case, however, dealt with a "contractual provision which chose a forum for litigation, not for arbitration. While the two types of provisions are quite similar and while courts enforce both in the absence of extraordinary circumstances, an arbitration provision has the additional force of the Congressional imprimatur found in Section 2 of the Arbitration Act." Spring Hope Rockwool, Inc. v. Industrial Clean Air, Inc., 504 F. Supp. 1385, 1389 (E.D.N.C. 1981), *citing* San Reisfeld & Son Import Co. v. S.A. Eteco, 530 F.2d 679, 681 (5th Cir. 1976). Plaintiff's reliance on Bremen is therefore misplaced here, where the clause at issue dictates the forum to arbitrate (not to litigate) the parties' disputes.[2] Moreover, the clause at issue is an integral part of the parties' arbitration agreement and is governed by the Federal Arbitration Act. Under the Act, a court must enforce an agreement to arbitrate unless proven that it was procured by fraud or coercion, or that there are grounds at law or in equity to revoke it. San Reisfeld & Son Import Co., 530 F.2d at 681, *citing* 9 U.S.C. § 2. Plaintiff does not allege that Defendants defrauded or coerced it into agreeing to the arbitration clause. Neither does Plaintiff allege that such clause should be revoked under applicable Puerto Rico law or under equity. Accordingly, Plaintiff's alternate argument fails.

_____

[2]In any event, Plaintiff's arguments under Bremen are flawed. See, e.g., Outek Caribbean Distributors, Inc. v. Echo, Inc., 206 F. Supp. 2d 263, 267 (D.P.R. 2002), *citing* Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1991) ("Mere inequality of bargaining power between two sides will not be enough to render a contract unenforceable."); KKW Enterprises, Inc. v. Gloria Jean's Gourmet Coffees Franshising Corp., 184 F.3d 42, 50-52 (1st Cir. 1999) (holding that the FAA preempts state laws limiting choice of forum clauses in arbitration agreements); M/S Bremen, 407 U.S. at 16-17 (stating that inconveniences known at the time a contract is executed cannot be grounds to hold a forum clause unenforceable).

**CIVIL NO. 11-1204 (SEC)**                                                      **page 5 of 5**

**Conclusion**

For the foregoing reasons, Defendants' motion is **GRANTED**, and this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of June, 2011.

s/*Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge